IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                              CASE NO.: 8:14-bk-06523 MGW

Gary Gerwer                                  Chapter 13

      Debtor.
_____/

**THIRD AMENDED MOTION TO APPROVE PERMANENT MORTGAGE MODIFICATION AND REQUEST FOR ADDITIONAL PRESUMPTIVELY REASONABLE FEE**
**(FIRST MORTGAGE)**

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

      Pursuant to Local Rule 2002-4, the Court will consider this motion, objection or other matter without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date set forth on the proof of service attached to this paper plus an additional three (3) days for service. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court, 801 N. Florida Ave., #555, Tampa, FL 33602-3899, and serve a copy on the movant's attorney, Gina Rosato Law Firm, P.A., 8870 N Himes Ave., #629, Tampa, FL 33314.

      If you file and serve an objection within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider this objection and may grant or deny the relief requested without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

      Debtor, by and through the undersigned attorney, files this Motion to Approve Mortgage Modification, and Request for Additional Presumptively Reasonable Fee, and states the following:

1. Debtor instituted this case by the filing of a Voluntary Petition under Chapter 13 of the Bankruptcy Code on June 3, 2014.

2. Debtor owns certain homestead real property located in Hillsborough County, Florida, commonly known as 5343 Southwick Drive, Tampa, FL 33624 and legally described as follows:

    a. LEGAL DESCRIPTION ("Homestead Property") Lot 22, Block 10 Hampton Park – Unit No. 1, According to the map or plat thereof as recorded in Plat Book

      56 Page 69 of the Public Records of Hillsborough County, Florida.

3. Debtor has filed this Motion pursuant to 11 U.S.C. 363 for the purpose obtaining the Court's approval to proceed with a permanent modification of the First Mortgage on the Homestead Property in accordance with the terms attached hereto as Exhibit "A".

4. Modification of the First Mortgage is in the best interest of the Debtor, the creditors and this Bankruptcy Estate.

      **WHEREFORE,** Debtor respectfully requests this Court to enter an order granting this Motion, approving the trial modification of the subject mortgage, awarding the undersigned an additional fee of $300.00 ($400.00 if a hearing is held on this Motion) for prosecuting this matter to be allowed as an administrative priority claim in addition to the presumptively reasonable fee to be paid through the Debtor's Chapter 13 Plan, and granting such other and further relief as this Court deems necessary and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been furnished electronically on May 13, 2015 to Kelly Remick, Trustee, PO Box 6099, Sun City Center, FL 33571; Assistant U.S. Trustee, 501 E Polk St., #1200, Tampa, FL 33602; Gary W. Gerwer, 5343 Southwick Dr., Tampa, FL 33624; and via email delivery to akalman@lenderlegal.com Lender Legal Services, LLC on behalf of Selene Finance, LP., 201 E Pine Street, Suite 730, Orlando, FL 32801.

                                                */s/ Gina Rosato*
                                                FBN: 182969
                                                ***Gina Rosato Law Firm, P.A.***
                                                8870 N. Himes Avenue #629
                                                Tampa, FL  33614
                                                Phone: (813) 463-8000
                                                E-mail: Gina@LawGina.com

Prepared by: Michael L. Riddle
Middleberg Riddle Group
717 N. Harwood, Suite 1600
Dallas, TX 75201

Recording Requested By and Return To:
SELENE FINANCE LP
CUSTOMER SERVICE
9990 RICHMOND AVE, STE 400 S
HOUSTON, TX 77042

Folio: U0728180WW000010000220

Loan No. 0010041069
Borrower: GARY GERWER
Original Recorded Date: January 7, 2008

_____ (Space Above This Line For Recording Data) _____

Data ID: 506

Original Principal Amount: $208,724.00

## HOME AFFORDABLE MODIFICATION AGREEMENT

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Borrower ("I")[1]: GARY GERWER AND LYDIA GERWER, HUSBAND AND WIFE; * LYDIA GERWER DEES HER PORTION OF INTEREST TO GARY GERWER*, whose address is 5343 SOUTHWICK DRIVE, TAMPA, FLORIDA 33624

Lender or Servicer ("Lender"): SELENE FINANCE LP, as servicer for CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1, 9990 RICHMOND AVE., SUITE 400 SOUTH, HOUSTON, TX 77042

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): December 13, 2007

Loan Number: 0010041069

Property Address: 5343 SOUTHWICK DRIVE, TAMPA, FLORIDA 33624 ("Property")
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

Recorded in INSTRUMENT # 2008007427 BOOK 18364 PG 44-49 of the Official Records of the County Recorder's or Clerk's Office of HILLSBOROUGH COUNTY, FLORIDA.

---

[1] If more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Revised by Middleberg Riddle Group                    Form 3157  3/09 (rev. 10/10)    (Page 1 of 10 Pages)

Loan No: 0010041069                                                                                      Data ID: 506

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
    D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));
    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G. I have made or will make all payments required under a trial period plan.

Loan No: 0010041069                                                                                                    Data ID: 506

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **March 1, 2015** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **April 1, 2015**.

   A. The new Maturity Date will be: **June 1, 2038**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$320,066.27** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. **$210,906.08** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$109,160.19**. Interest at the rate of **5.500%** will begin to accrue on the Interest Bearing Principal Balance as of **March 1, 2015** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **April 1, 2015**. My payment schedule for the modified Loan is as follows:

Loan No: 0010041069                                                                 Data ID: 506

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 23 | 5.500% | 03/01/15 | $694.11 | $236.61, may adjust periodically | $930.72, may adjust periodically | 04/01/15 | 279 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Revised by Middleberg Riddle Group                    Form 3157  3/09 (rev. 10/10)    (Page 4 of 10 Pages)

Loan No: 0010041069                                                                                          Data ID: 506

    I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

  D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

  E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

  F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

  G. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements.** I agree to the following:

  A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

  B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

  C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

  D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

Loan No: 0010041069                                                                                       Data ID: 506

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.
G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.
H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.
I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.
J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.
K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

Loan No: 0010041069                                                                 Data ID: 506

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

Loan No: 0010041069                                       Data ID: 506

Q. I have no right of set-off or counterclaim, or any defense to the obligations of the Note or Mortgage.

In Witness Whereof, the Lender and I have executed this Agreement.

Signed sealed and delivered in the presence of:

_____Singh___LISA SINGH_____        _____/s/____NICHOLAS Volpe_____
Witness Signature and Printed Name          Witness Signature and Printed Name

Date: __4/20/15__

..................................................(Seal)
GARY GERWER —Borrower

- Borrower Acknowledgment -

STATE OF FLORIDA                §
COUNTY OF ~~HILLSBOROUGH~~ Pinellas on    §

The foregoing instrument was acknowledged before me this 20TH day of April, 20 15, by

GARY GERWER
who [strike the following that does not apply] are personally known to me/has produced drivers license as identification.

_____Cory Malatesta_____
Notary Public

(Name of Acknowledger Typed, Printed or Stamped)
CORY MALATESTA
Notary Public - State of Florida
My Comm. Expires Jul 2, 2017
Commission # FF 033375

My commission expires: __7/2/17__

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
Revised by Middleberg Riddle Group          Form 3157  3/09 (rev. 10/10)   (Page 8 of 10 Pages)

Loan No: 0010041069                                             Data ID: 506

Signed sealed and delivered in the presence of:

_____          _____
Witness Signature and Printed Name          Witness Signature and Printed Name

Date:_____

Lender: SELENE FINANCE LP, as servicer for CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1

By:_____

Its:_____
(Printed Name and Title)

9990 RICHMOND AVE., SUITE 400 SOUTH
HOUSTON, TEXAS 77042

- Lender Acknowledgment -

STATE OF TEXAS                §
COUNTY OF HARRIS              §

The foregoing instrument was acknowledged before me this _____ day of _____, 20_____, by _____, _____ of SELENE FINANCE LP, as servicer for CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1, on behalf of the entity. He/She [strike the following that does not apply] is personally known to me/has produced _____ as identification.

_____
Notary Public

My commission expires:_____

_____
(Name of person taking acknowledgment
Typed, Printed or Stamped)

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Revised by Middleberg Riddle Group                Form 3157  3/09 (rev. 10/10)    (Page 9 of 10 Pages)

Loan No: 0010041069  
Borrower: GARY GERWER  
Property Address: 5343 SOUTHWICK DRIVE, TAMPA, FLORIDA 33624

Data ID: 506

## LEGAL DESCRIPTION

LOT 22, BLOCK 10 HAMPTON PARK - UNIT NO. 1, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 56 PAGE 69 OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

Loan No. 0010041069  
Borrower: GARY GERWER

Data ID: 506

## LOAN MODIFICATION AGREEMENT RIDER

THIS LOAN MODIFICATION AGREEMENT RIDER is made this _____ day of _____, 20____, by and between the undersigned borrower (the "Borrower") and SELENE FINANCE LP, as servicer for CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1, (the "Lender") and is incorporated into and shall be deemed to amend and supplement that certain LOAN MODIFICATION AGREEMENT (the "Agreement") of the same date executed by the Borrower and Lender as of the date above.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Agreement, Borrower and Lender further covenant and agree as follows:

1. Costs and Expenses

All costs and expenses incurred by Lender in connection with this Agreement shall be borne by Lender and not paid by Borrower.

2. Escrow Items

Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked. Borrower is hereby advised that beginning on the monthly payment due date set forth above, the amount of Escrow Items will be included with Borrower's monthly payment of principal and interest.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in this LOAN MODIFICATION AGREEMENT RIDER.

..................................................................(Seal)  
GARY GERWER —Borrower

Loan No: 0010041069  
Borrower: GARY GERWER

Data ID: 506

## COMPLIANCE AGREEMENT

In consideration of SELENE FINANCE LP, as servicer for CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1 ("Lender") modifying the first lien mortgage loan (the "Loan"), in connection with the property located at 5343 SOUTHWICK DRIVE, TAMPA, FLORIDA 33624 (the "Modification"), the undersigned ("Borrower") agrees, upon request of Lender, its successors or assigns ("Note Holder"), or upon request of any person acting on behalf of Note Holder, to fully cooperate with Note Holder or such person to correct any inaccurate term or provision of, mistake in, or omission from any document associated with the Modification. Borrower further agrees to execute such documents or take such action as Note Holder or such person acting on behalf of Note Holder reasonably may deem necessary (including without limitation the correction of any such inaccuracy, mistake, or omission) as will enable Note Holder to sell, convey, seek guaranty of, or market the Modification to any entity, including without limitation an investor, the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any bonding authority.

Borrower further agrees to comply with any such request within a reasonable period of time as specified by Note Holder or by such person acting on behalf of Note Holder. Failure to comply shall constitute default under the Note and Security Instrument underlying the Modification, and Note Holder may pursue its available remedies.

BY SIGNING BELOW BORROWER ACKNOWLEDGES THAT BORROWER FULLY UNDERSTANDS THIS COMPLIANCE AGREEMENT OR OTHERWISE HAS SOUGHT THE ADVICE OF COUNSEL.

Date: 4-15-2015

GARY GERWER —Borrower